IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Crytser, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | (Jury Trial Demanded) |
| | ) | |
| Conbraco Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff, complaining of the Defendant, would respectfully show as follows:

## NATURE OF THE ACTION

1.     The Plaintiff, Randy Crytser, ("Plaintiff") brings this action against Defendant, Conbraco Industries, Inc., ("Defendant") to recover damages caused by the Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA").

2.     This action arises out of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA.

## PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff is a citizen and resident of Chesterfield County, South Carolina. Plaintiff was employed by Defendant for over 21 years, and was designated a "Supervisor" in the Fabrication Department at Defendant's facility in Pageland, South Carolina on April 1, 2014, until his termination on or about September 4, 2015. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203 (e).

1

4. Defendant is a foreign corporation registered to do business in the State of South Carolina with the Secretary of State's Office. Defendant owns property, employs agents and conducts business within Chesterfield County, South Carolina. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because it has annual sales or business of at least $500,000 and has employees engaged in interstate commerce.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the United States District Court, District of South Carolina, pursuant to 28 U.S.C. § 1391, because Defendant does business in this judicial district and division, and the unlawful employment practices giving rise to Plaintiff's claims were committed within this judicial district and division.

7. The actions complained of herein were committed by employees or agents of Defendant, acting within the course and scope of their employment or agency.

## **FACTUAL ALLEGATIONS**

8. Plaintiff began working full time for Defendant at its Pageland, South Carolina, facility over twenty-one years ago. On April 1, 2014, Defendant assigned Plaintiff the title of "Supervisor" in the Fabrication Department. Defendant classified Plaintiff as an "exempt" employee for overtime purposes, and paid him a yearly salary of $48,600.

9. Defendant regularly required Plaintiff to work in excess of forty hours per week. Plaintiff routinely worked ten or more hours per day, Monday through Thursday. He was required to clock in and out, but was instructed by the plant manager and other superiors to manually adjust time records by "whiting out" the actual hours recorded by swiping the badge, and to hand-write

a total of 10.5 hours for each day. Plaintiff frequently worked without a rest break or a lunch break. He was never paid for hours he worked over 40 during the Monday through Thursday time period.

10.    Plaintiff sometimes worked additional hours, Friday through Sunday, and was compensated at the rate of $23.43 per hour, known as "administrative overtime" or "straight time." The rate represented his regular hourly rate based upon his salary.

11.    Plaintiff regularly worked anywhere from sixty to over eighty hours per week, especially when his supervisors pressured him to increase production. Defendant failed and refused to compensate Plaintiff for time worked in excess of 40 hours per week at one-and one-half times his regular hourly rate.

12.    Plaintiff was a "supervisor" in title only.

13.    Plaintiff's duties were primarily manual labor consisting of work on the production line. Defendants were well aware of the nature of Plaintiff's duties and hours worked in that Plaintiff's superiors directly observed and supervised him. Furthermore, Plaintiff repeatedly requested that he be permitted to re-hire an employee to relieve him from having to personally operate a specific machine; Defendants refused his request.

14.    Defendant delegated no significant supervisory or managerial duties to Plaintiff, and Plaintiff's duties were distinctly different than other employees who held the "Supervisor" title. Plaintiff had no authority to hire or fire other employees; Plaintiff did not exercise independent judgment in any matter of substance; Plaintiff worked many more hours than other Supervisors; Plaintiff had an unsecured work area and a desk set in the middle of the shop floor, while other Supervisors had private offices; Plaintiff was paid a lower salary than other Supervisors; Plaintiff was not regularly included in the meetings of all Supervisors; Plaintiff was the only "Supervisor" whose primary responsibilities involved hands-on manufacturing

3

production; Plaintiff did not have, as any significant part of his duties, responsibility to coach, mentor, or control; Plaintiff had no overall operation management authority, and did not participate in policy-making, planning, administration, control, or the "running" of the business.

15. Plaintiff is informed and believes that his duties consisted of ninety percent manual labor, and he spent the other ten present of his time answering questions and filling out routine paperwork.

16. Defendant holds itself out as understanding the Fair Labor Standards Act. Defendant's handbook refers to "Compensation Job Classification," and discusses hourly employees' right to overtime pay. Its Terms of Employment distinguishes between "hourly employees" and "administrative personnel." Defendant classified Plaintiff as "salaried," as shown on his paycheck once he was designated a "Supervisor."

17. Plaintiff is informed and believes that Defendant misclassified him as an exempt employee under the FLSA, that Plaintiff's duties as a "Supervisor" were so distinctly dissimilar from those of other Supervisors that the misclassification was well known to, sanctioned by, and was a willful act of the Defendant.

18. During all times relevant to this complaint, Plaintiff was not an "executive," "administrative," or "professional," employee, as those terms are defined by the Fair Labor Standards Act.

19. Plaintiff is informed and believes that Defendant failed to pay him for overtime hours as required by the Fair Labor Standards Act.

## FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act
### (Failure to Pay Overtime Wages)

20. The foregoing allegations are incorporated herein as set forth verbatim.

21. Defendant violated the FLSA by failing to pay Plaintiff overtime wages of at least one and a half times Plaintiff's normal hourly wage for all hours worked in excess of forty (40) hours in every workweek.

22. Defendant improperly classified or treated Plaintiff as exempt from the overtime pay requirements of the FLSA.

23. Defendant was aware of the overtime requirements of the FLSA and knew or should have known that Plaintiff was entitled to overtime wages under the FLSA.

24. Defendant's failure to pay Plaintiff overtime wages was willful and/or in reckless disregard for the statutory requirements of the FLSA.

## PRAYER FOR RELIEF

25. WHEREFORE, having fully set forth his allegations against Defendant, Plaintiff respectfully requests the following relief:

   a. compensatory damages equal to the amount of wages and overtime that Defendant should have paid Plaintiff under the requirements of the FLSA;

   b. liquidated damages in an amount equal to the award of compensatory damages;

   c. interest on damages awarded;

   d. attorney's fees and costs incurred in bringing this action; and

   e. such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

26. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted.

**BURNETTE SHUTT & MCDANIEL, PA**

*s/M. Malissa Burnette*

**M. Malissa Burnette**, Esq. (1616)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Suite 200 (29201)
P.O. Box 1929
Columbia, South Carolina 29202
Telephone: (803) 904-7915
Facsimile: (803) 904-7910
Email: mburnette@burnetteshutt.law

*Attorney for Plaintiff*

Columbia, SC
August 4, 2017